Good morning. Thank you, Your Honor. And I would like to save a couple minutes for rebuttal, and I will watch the clock. This is a federal IDA case. The underlying case has to do with a federal statute. And this case is before you about procedures. This case is about procedures. After the parents exhausted all their remedies in the administrative courts, they looked to the statute to see what their procedures would be to get further redress for their grievances. In looking to the statute, they had a choice between federal court and state court, and the parents chose federal court to seek further redress. In doing that, they looked again to the statutes, and they looked to what the administrative law judge represented as the procedures to follow. The law judge represented that there was a 30-day statute of limitations in order to file their case in federal court, and then the parents looked to see what the procedures would be to do that. The administrative law judge further represented that service was to be perfected according to the state APA guidelines. However, the parents took a look at the statute, took a look at the Federal Rules of Civil Procedure, took a look at case law, and saw that this was incorrect. In order for a federal court to have jurisdiction over a case, the federal courts, after filing of a case, looked to the Federal Rules of Civil Procedure to see how to proceed from there. The issue is about what procedures to follow after that for service. And the federal courts have laid out very clearly what the service requirements would be to do that after filing. When you did that before letting the 30 days pass without service, what federal case did you come up with that makes it clear that in a federal and a case arising under Federal law, you don't borrow the State's service provision as well? I took a look at the history of cases that started with Hannity Plumer. Yeah, I know. I mean, I know what the history of the cases is. My query was, did you come up with any case that actually says that? Well, the Ninth Circuit case that actually say that starts with Shamrock, and the Shamrock case takes a look at procedures to follow. And they say that anything that is procedural goes under the Federal rules. Saint v. City of Bend also looked at, you look to the Federal Rules of Civil Procedure to compute how to go about doing things that are procedural. The tricky thing here is that the statute in one sentence says you've got the Washington Statute that controls the time period within which you have to file, says in the same breath, and serve. It's not a separate statute. It's all wrapped up into one such that it can be read as the Washington State tolling  When you look to the Federal case law, the Federal case law says when they started borrowing the statute of limitations period, which they had to do in this case until Congress addressed it, that all of the Federal state, Federal cases talk about borrowing only the period of time of the statute of limitations, and they don't borrow anything else, because everything else then becomes procedural. And the Ninth is quite the opposite. I mean, what's odd about this is the Federal law seems to be that in a diversity case, that isn't true, right? In a diversity case, you do borrow the service rule, which is a very peculiar rule. So we're sort of – and then we know that if you're borrowing from a Federal statute, you don't do that. And then we have this sort of media position. Isn't there a Seventh Circuit case that's pretty directly on point, Clay v. Locke? Is that not pretty – the same issue pretty much? Well, the cases that I saw that were on point all had to do with what procedures to file after filing. And if you look at Fran v. Nycombe, they – the Ninth Circuit has always followed the rules that was laid out in Hanna v. Plummer that said that anything that becomes procedural, once a case is filed in Federal court, once it becomes a case for the Federal courts to look at, the procedures to follow. So if you look at what the State would say, I mean, it's – it doesn't make sense. That's what's so odd, because Hanna v. Plummer was not a case arising under Federal law, right? That's correct. And when the – when the cases were further clarified after that, they looked to that. And in this case, it is under Federal law. It's a Federal statute that is being – that is being looked to, because the IDA cases are Federal, and they're under Federal statute, not State statutes. Are you going to address the mode of service issues as well? The mode of service. Meaning who was served. Yes, Your Honor. In – the statute says that when it's a school district, that the school district is to be served via the superintendent. In this case, the superintendent was served via an agent. An agent. And when you look to the law, the law talks about agency. An agent is allowed to be not be – excuse me – be designated to accept service for the superintendent. In this case, there was an agent who was designated to accept service. What law are you looking at, State law or Federal law? The Federal law, when you talk about manner of service, refers back to what the State law says. And the State law does allow in the State of Washington. All right. It also seems to have its own provision, but you haven't relied on that. The State law provision does allow for an agent to accept service. And in this case, there was an agent who accepted service. What provision is there? Under the – when you take a look at the State law, which talks about acceptance of service, they state in there that an agent is – I'm sorry, Your Honor, I don't have it at my fingertips – that they do allow an agent to accept service in place of the party themselves. And when you look back at what the case law has said about this, in all the cases that were overturned, you look at Skagit and you look at the State law. When it's a municipal corporation or a government entity? Yes. They're allowed to have an agent accept service. And Washington allows it. Where does it say that? Or what's the – what the Washington Supreme Court in Washington Court of Appeals book said? Absolutely not. It's in a – when it's a municipal corporation or government entity, substantial compliance doesn't work, and it has to be service in the designated official. But the Washington State courts, the cases that held that were all cases where there was no agent that was authorized to accept service. And in this case, they do allow that. They do allow to have an agent accept service in place of the party. Your Honor, I'd still like to know. Perhaps in rebuttal you can tell us where you see that. I have a slightly different question, and that is the district court on its theory had no need to reach the service issue. So why shouldn't we simply send it back on that issue? Why should we wrestle with it ourselves? Well, if we send it back on the issue, then we bring up the whole issue of the case again, and I guess the court can't do that. I think what Judge Romer is suggesting, if we were to reverse on the ground that they did decide, the district court did decide on, at that juncture, is there a reason for us to address the person-served issue independently or to send it back? Well, the reason to address it would be to – in order to settle this case that when it goes back to district court, the district court doesn't have to look at these issues again about service and whether the manner was done correctly. That would mean the district court would be able to then start actually looking at the facts of the case. Well, of course, on that theory, we could just decide the case, save the district court all the work on the entire thing. I mean, it does involve sort of tricky issues of Washington law. It possibly involves some authorization questions. It, you know, conceivably has some factual connotations to it and whatever. Well, I understand that, Your Honor, and – but I – but I raised it as an issue to see if the court would address that as an issue, because when I looked at the case law and I looked at the statutes on this, I saw that Washington does allow an agent to be authorized to accept service. Well, you need to show us that. You really do need to show us that, because I don't see it either for this particular kind of defendant. Okay. Thank you. And I'll reserve the remaining of my minutes for a minute. Thank you. May it please the Court, my name is Robert Mitchell of Preston, Gates & Ellis, and I represent the Issaquah School District and its officials. The issue in this case is whether the parents timely and properly served the defendants when they filed their appeal of the hearing in the U.S. District Court. And while the parents argue that this question turns on the rules applicable here, whether it's the Washington Administrative Procedure Act or the Federal Rules of Civil Procedure, the undisputed facts in this record establish that service was not timely or proper under either test. I didn't hear what you said. Under what? Under either test. Under either the Federal Rules of Civil Procedure or under the Washington APA. Before I go to the APA, let me address specifically the question of the alternative basis for dismissal sought by the district, not reached by the district court judge. Rule 4J-2 of the Federal Rules of Civil Procedure states that service upon a municipal corporation or other governmental organization shall be effected by delivering a copy of the summons and complaint to the chief executive officer of that organization or, as required by state law. In this case, the record is undisputed that the summons and complaint were never personally served upon the superintendent of the Issaquah School District, which is the official reference in the rule. And therefore, we have to look at what state law requires for service upon a governmental organization like the school district. The statute that applies here is RCW 4.28.08073. You know what? I still don't understand why we should get into that, because the district court simply didn't resolve what can be kind of tricky issues of service under state law. And then ---- Roberts. This Court has often held that it is appropriate to affirm a dismissal on grounds not reached by the ---- Well, we can't affirm the dismissal, really, because even if you were correct on the service issue, there's still an option of quashing the ---- quashing service rather than dismissing the action. So one way or another, the district court's got to make a judgment call. I'm not sure I'm following your question, Judge Rimer. What my understanding is that if the parent's position on the Federal rules is correct, that service must be effected within 120 days after the filing of their complaint in the district court. The 120 days passed, and there was never effective service upon the school district or either of the officials. But the district court has the option of quashing service and extending the time to file, doesn't it? That's correct, Your Honor. Therefore, we wouldn't resolve it if we decided it. But that was never asked for. The ---- what happened here is the parents attempted to serve in the manner authorized by State law while invoking the Federal rules of civil procedure. By State law, I'm referring now to the APA, which has a fairly relaxed method of effecting service but a strict time requirement, whereas the Federal rules of civil procedure have a strict procedural requirement but a relaxed time requirement. So in one case, the service was not timely and therefore not effective. In the other case, it was not effective and therefore not timely. And there was never any attempt to cure that, even after the deficiency was brought to the parents' attention. But the ---- you say the State law is relaxed because it says you can do it by now. I beg your pardon? The State law is relaxed because it says that it can be done by now. Well, that ---- and it's also permissible to leave the notice of appeal under the APA with the office of the chief administrative officer, as opposed to personally giving it to that person or a designated assistant superintendent or business manager. Those are the three individuals who can receive service under RCW 4.28.030. Under the APA ---- Wait a minute. So if that's true, then there is no problem about the mode of service. I beg your pardon? If that's true, then there is no problem about the mode of service? Well, Your Honor, if the APA is applied, which has the 30-day requirement for service and filing, had the service been done within the 30 days, the fact that it didn't get to the designated official under the usual statute would be fine. But in this case, because the APA was not compliant with it, from a timely standpoint, you have to look at what the Federal rules provide. They refer you to a different provision of State law. The way you're ---- So in other words, you're not relying on the part of Federal law that says to whom service has to be made with regard to school boards. I'm looking for that provision now, but it's very specific. It doesn't seem to talk about leaving things in an office. Your Honor, I'm sorry if I've confused the issue. All right. Let me read to you if I can find it. Just a moment. The place that refers to leaving it in the office is the Washington APA, 34.08. All right. Summons House serves. This is 4.28.080. If against a school or fire district to the superintendent or commissioner thereof, or by leaving the same in his or her office with an assistant superintendent, deputy commissioner, or business manager. Now, you're agreeing that that happened? No, Your Honor. Then what do you mean by this relatively relaxed version? I beg your pardon. Under the APA, if the APA applied with its 30-day requirement, you can effect service in a different manner than you can in the statute you cited. But if you are under the Federal rules of civil procedure, you are into RCW 4.28.080 sub 3. And the requirement there for leaving it with the superintendent or with an assistant superintendent, deputy commissioner, or business manager was not complied with. State law is perfectly clear that substantial compliance with that requirement does not work. Service on anyone other than the designated official is insufficient. The Court held in the Notardi v. Snohomish County case. That's a Washington Supreme Court. And in cases involving municipal corporations, strict compliance with that statutory requirement is essential. That's the Meadowdale case. There is no general agency rule applicable under that statute. What the parents are attempting to do here is to invoke the APA's standards for service without complying with the APA's timing requirements, and that is impermissible. Let me turn, if I might, then, to the grounds for dismissal cited by Judge Lasnik. We believe that the Court should affirm Judge Lasnik for three grounds, three reasons. First, the parents' action is in the nature of an appeal. As this Court held in the Keenan case. I just don't understand how that matters. What that simply means is our standard of review is somewhat different from what it is in other kinds of civil actions. But the fact that we're being asked for judicial review and administrative decision doesn't make it not a civil action. Well, Your Honor, the what the Court held in Keenan. What the Court said in Keenan was in civil actions, and then went on to make its description that this is closer to a act to judicial review situation than to anything else for purposes of how we treat it. Correct. But it's a civil action. Yes, that's correct. But the other thing that I would say is that the service requirements in the APA, the Washington APA, RCW 34.05.542, are integral to the limitations period. And what the Supreme Court has said in Hardin v. Stroup is that courts should not unravel State limitations rules unless their full application would be inconsistent with or defeat the goals of the Federal statute. In this case ---- Well, it would be inconsistent with the Federal rules. The Federal rules say that you have 120 days to serve. I beg your pardon? Federal rules provide that the action commences with the filing and that you have 120 days to serve. Why isn't that inconsistent with saying that you only have 30 days to serve? Your Honor, the Federal statute at issue referred to in Hardin v. Stroup is the underlying substantive law. In this case, IDEA. And as the Court ---- this Court said in Keenan, prompt resolution of cases commenced under the Individuals with Disabilities and Education Act is essential. Both the form shopping considerations and the need for a prompt resolution support the application of the APA rule without unpacking it. In fact, you'd have to basically split the one sentence apart to apply the 30-day filing requirement. Are you aware of any case that has done this with regard to a Federal cause of action, i.e., split off, not followed Federal rule of civil procedures 3 and 4, and instead imported a State service provision? Your Honor, so far as I can tell, the courts have not addressed the specific issue in this context. Well, I think they've addressed it. I think the Seventh Circuit has addressed it. Not in the IDEA context, but exactly the same issue. I'm not familiar with that case, Your Honor. I would say, though, that because the service was never effective as required by RCW 4.28.08O, and because it was never timely under the APA, that dismissal was appropriate and should be affirmed. All right. Thank you, Mr. Mitchell. Go ahead. I mean, Your Honors, I'd just like to point out in my remaining time that when you look at the rules, the Federal rules of civil procedure, and you look at Rule 4J, which is the manner in which to proceed, when you're talking about serving a school district, and the parents in this case did do that, and looked at what the State law said, and we took it to the school district offices. We had a courier take it to the school district office and leave it with an agent who was authorized, who stated under penalty of perjury, as you can see in the filings, that she was authorized. Now, where is that provision? That's under the State APA that says you can do that, as opposed to the provision of the more general State statute? Yes. It says that under State law that you can leave it in the office. Leave it in the office. What section is that? Do you know? I don't know the number of the statutes. But it does refer back to what the APA says and what the State law says about leaving it in the office. Thank you. All right. Thank you, Ms. Cohen. Counsel, the matter just argued will be submitted.
judges: Alarcon, Rymer, Berzon